and her official capacity as Secretary of the Interior, Department of the Interior. Ms. Bess for the appellant, Mr. Littleson for the appellate. Good morning. Good morning, Your Honor. May it please the Court, I am Jennifer Bess on behalf of Friends of Animals. The government would like us, this Court, to believe that the only way to demonstrate standing in this case is for Friends of Animals to submit declarations from its members that view or study the petitioned tortoises in Madagascar and claim that the challenged violations threaten their ability to do so. While this is certainly one way to establish standing, it is not the only way to establish standing. The Supreme Court has made clear that if a statute provides a right to information, the deprivation of that information constitutes concrete injury in fact for standing purposes. Furthermore, the injuries particularize if plaintiffs claim that the information will be helpful to them and there is no reason to doubt their claims. Here, the government has provided no reason to doubt Friends of Animals' claims that the information it seeks will be helpful to them. Do you see any distinction between the types of statutes that have been involved in cases where standing has been based on the right to information? Well, the key strand for whether there is a right to information that I see with the Supreme Court cases and with this circuit's cases is that there is a mandatory requirement that information either be disclosed or that the disclosure of false information is prohibited, along with the citizen's provision enforcing so that the petitioners can enforce that right. There are some statutes that are focused on creating information for the public, but there are other statutes, such as the Fair Housing Act, that are not focused on that, that are focused on providing fair housing. And the Supreme Court still found that under that statute there was a right to information. One thing that seems potentially different about this case is that here it seems like what you're predicating your informational request on is information that doesn't exist yet. And so the core of the claim really is that there's a statutory requirement to take a particular action within 12 months. That action hasn't been taken yet. What we'd like to have is information that would flow from that action were it to be taken. But it seems different. I'm not saying it's dispositively different. It just seems arguably different from a situation in which information exists out there and a statute entitles a certain population to the information. And the argument is, well, that information should be released, not that it ought to be created and then released. Here you're talking about the creation in the first place. Well, Your Honor, I don't think that distinguishment is dispositive here, because if you look at other cases, such as the Supreme Court's decision in Aikens, the information wasn't necessarily in the agency's possession at the time that the petitioners brought their claims. You're right about Aikens, but I guess at least the information as an objective matter was out there. So it wasn't like it needed to be created somewhere before you could ever in turn give rise to an entitlement to have it disseminated. Well, I think the key, Your Honor, is that Congress required that the information be disclosed. For example, if you look at this circuit's decision in Ethel Corporation under the Clean Air Act, there was monitoring and reporting requirements. Well, a private party couldn't just not monitor in order to avoid the reporting requirements. The fact that there were reporting requirements established there was a right to information. Similarly, here the fact that the agency must disclose certain findings establishes that there's a right to information, and they cannot avoid that duty by simply violating other mandatory rights, such as making the finding. I think the President makes it clear looking at Ethel Corporation and looking at Aikens  and in that situation the Supreme Court said that the agency had to make a finding whether a certain committee was a political committee or not. That information, whether they qualified as a political committee, was not available at the time that the petitioners brought their suit. Nonetheless, the Supreme Court still found that there was a right to information. But there was a finding made that it was not a political committee, and then the argument was that if there was the wrong finding made and had the right finding been made, then it would have triggered the release of information that we'd like to have our hands on, which is just arguably different from a situation in which no determination has been made. And your argument is, well, if some determination were made, well, then we'd have some information that we'd like to get our hands on. But at this point, no determination has been made at all. Right, and I think the difference is they were still seeking a new determination, I guess. They were challenging a determination, but they were still seeking a new determination, and here we still are seeking a new determination. And once again, I go back to saying all of these, many of these acts require certain things like record keeping and reporting, monitoring and reporting. You can't violate one section of that in order to avoid the reporting duty. Similarly, here the agency can't violate their mandatory requirement to make a finding in order to avoid their duty to publish such finding. But what if the agency had made a no-action word determination and you thought that was incorrect and it should be action of some sort? Would you still have an informational injury on the grounds that had they made a different determination you would have gotten different disclosures from the agency? No, Your Honor. I think that the informational standing, our grounds are based on the fact that the agency has failed to disclose specific information that Congress required to be disclosed, not on the quality or exactly the specific finding that they made, but the fact that they're just not disclosing that information in general. If we were to challenge the ultimate finding that they made, we would provide standing on other grounds because in that case the agency provided the information that we saw. Why would you be able to say, just the same as here, that had you done your job right, as was argued in Aikens, you would have made X determination that would have resulted in a lot of information coming to us? What's the difference between that and Aikens? I guess it's possible that you could have informational standing under that grounds, but I think the difference is that here we're not challenging the quality of information that's been produced, but just the fact that the agency has deprived Friends of Animals of any information whatsoever regarding our petition species. And so I think that deprivation of information is key to our argument that in fact we do have standing based on the deprivation of information. So the way you're reading the informational standing, even though our court has acknowledged that the purpose of the Endangered Species Act was not for the purpose of providing the public with information or organizations with information, but rather the purpose for protecting animals that needed to be protected. And as you say, what you want is a determination. The agency has been slow in getting it. So just play this out. You say to the Secretary, you have your priorities wrong. What we want is more important than what you think you ought to be doing. And the Secretary says, well, I appreciate your point of view, but I still am of the opinion that there are greater priorities and we will not be able to make that determination for, just in my hypothetical, another five years. Then what? Well, there's a couple different questions there. I think first of all, it's not Friends of Animals saying this is where we think your priorities should be. It's Congress who established these mandatory deadlines and it's Congress who said you have to respond to petitions within 12 months. And Congress did provide a certain finding, a warranted but precluded finding. Right, but what I'm trying to get at is Congress has said many things to agencies. It has passed many statutes. It has given agencies many deadlines. And I'm trying to understand where you draw the line or if you draw a line. And the theory, the way standing has developed, has been that you have suffered an injury in fact that the agency has caused. And the court has said, well, Congress passed this statute to protect animals, not to provide citizens with information, by contrast with other types of statutes, which is more or less along the lines of what Judge Srinivasan was discussing with you. So is it any time that either Congress requires publication or even an agency through its regulatory process determines it will publish, that that would give the appropriate organization standing? Well, Your Honor, I think there's one other thing that the Supreme Court has looked at, and that's whether there's a citizen supervision here. Congress specifically provided that if there are any violations of 16 U.S.C. 1533, where all these mandatory disclosure requirements are for a warranted, not warranted, or a warranted but precluded finding, if the agency fails to make that finding within 12 months, then a citizen has a right to bring action against the agency. Now, that type of provision is absent from many statutes, but where that type of provision exists, the courts have found that there is a right to information. So there's the government's brief, I think it's a footnote 12, talks about a group of statutes as to which there's a citizen supervision, there's a determination, and then I assume there's a publication requirement to U.S.C. determination. So as long as those three elements exist, your theory of informational standing would supply standing in each of those cases, I take it? Yes, and I mean the case here also is specific, like that the citizen supervision relates back to the mandatory disclosure requirement and that certain information must be disclosed, correct? And that's not true of some of the other statutes? Does that add anything? That does add some things. For example, there are certain provisions of the Endangered Species Act that may not relate back to Section 1533, which is where Congress specifically said that a citizen can bring a right to enforce those mandatory disclosure requirements. I see I'm all out of time right now, so I'll reserve the rest for rebuttal if I have any. Thank you. We'll give you some time. Good morning, Your Honor. I'm Matt Littleton. I represent the Secretary of the Interior. May it please the Court, I'd like to start this morning by clarifying how the statute operates to make clear that the only information that's being sought by friends of animals is the actual decision itself as opposed to freestanding scientific information. The way the statute works is that once a petition is filed under Section 553 of the APA, the Secretary is obligated to make both 90-day and, if a positive 90-day finding, a 12-month finding on whether listing of the species is warranted, not warranted, or warranted but precluded. And the Secretary is charged with doing that on the basis of the best available scientific information. But there's no freestanding obligation for the agency to do its own scientific studies or analysis. What happens is the public submits, either the petitioner submits initially and then the public submits through comments that are made publicly available, the information that the public thinks is relevant to making the 90-day and subsequent 12-month findings. And all of that information is available to the petitioners. In fact, the petitioners say they already have the best available scientific information. So the only thing that they really want here is not subsequent scientific information that would flow from the agency's 12-month finding, but they just want a decision from the agency. And so what they've done basically is convert any agency decision that requires publication, which is a myriad of statutes, not just in the specific context of the ESA. Anytime there's something that has to be put in the Federal Register, they're saying we can recast the generalized duty to comply with the law as a deprivation of information in a particular context. There's really no limiting principle there. And this court has said in cases like Foundation on Economic Trends v. Ling that that's not sufficient to bring a particular plaintiff within the confines of Article III so that they can come into court and essentially reorder the agency's priorities, as Judge Rogers was alluding to, solely on the basis that they filed a petition. That's simply not enough under this court's pressure. They still have to show that the information is useful to them in particular, right? Yes. Not anybody could come in anytime there's a publication requirement and say there's a requirement, ergo, I have standing. There still has to be a connection to what that particular entity that's bringing the action would do with the information. Right. And I think that that really goes back to the ultimate question here, which is whether there's a concrete or particularized injury that flows from, in this case, we'll call it, I mean, it's the absence of the decision. You know, call it informational, call it procedural, call it whatever you want. The question is whether there's a concrete and particularized injury. And our point here is that Friends of Animals' complaint, Paragraph 5 of its complaint and Paragraphs 18 through 20 of the feral declaration simply don't rise to the level of demonstrating a concrete and particularized injury under either the precedent of the Supreme Court or this court. They've said that basically they're waiting on a decision. It's not like a case where Action Alliance or PETA, where the agency is conducting investigations because the, or excuse me, where the plaintiff is conducting investigations because the agency allegedly failed to. All they're saying is we're waiting on a decision, we want a decision, and a positive decision would further our organizational mission. That's not enough under this court's precedent in Feld, Ling, et cetera. And so what we're saying here is simply this is a repackaging of a generalized grievance solely on the basis of a mandatory duty. If the decision hadn't been made, I'm sorry, if the decision had been made but it hadn't been disseminated, then? Then we'd have a case like Ethel Corp. where you've got the agency having made a decision, it was supposed to be made public, they're keeping it private. I think that would be certainly a closer question as to whether there was a specific right to information in that case. We don't have that situation here, and there's no allegation that the Fish and Wildlife Service is doing that generally. This is just a matter of a woefully inadequately funded mandate from Congress. This court's well aware of in cases stemming from multi-district litigation regarding listing of species. In that context, there's necessarily going to be some level of courts effectively reordering agency priorities based on suits, but the Supreme Court has said in cases like Lujan, Summers, et cetera, that there is some limit to that, which is that you've got to show a concrete and particularized injury under Article III. It's just in a lot of these cases with informational injuries, like take FOIA, for example, the injury is created by the action that Congress prescribes. In some of these cases, like in Ethelcorp and some of the other situations in Higgins, in which the decision went the wrong way, and what the plaintiff says is, we wish the decision had gone the other way. Had it gone the other way, there would be a lot of information that we could get. I understand your point that that's distinguishable in that respect. And what's different about this case that seems to cut against you a little bit is that this statute doesn't just say a decision shall be made. It says a decision shall be made within 12 months. And if Congress is the one that's creating the injury, then the argument would be, well, what they're doing is they're creating an injury and on the flip side an entitlement to have something done within 12 months. Well, I think the answer to that is that Congress has specifically addressed this question in Lujan, or excuse me, the Supreme Court has specifically addressed this question in Lujan and said that the citizen supervision of the ESA, by giving any person a right to sue for missing a mandatory deadline under 1533, that is not sufficient to say that Congress generated a new injury remediable in courts. That's clear from Justice Scalia's majority opinion, as well as Justice Kennedy's concurrence in that case. So I think the court has specifically answered that question. But I'd also, I do think it's relevant here that, you know, in a FOIA case, the information that's been withheld is not the cover letter saying, here's what our response is to your FOIA request. It's the actual information that the government has in its possession that allegedly needs to be disclosed. That's true in Aikens, too. It wasn't the declaration that AIPAC was a political committee. It was the subsequent reports that would flow from that. Here, what you're really looking at is, again, they have the scientific information. They haven't alleged that it's not available to them. All they want is for the agency to make a decision. And, again, the Supreme Court has been quite clear on that, as has this court in cases like common cause, that just because you have the right to bring a petition or, in common cause, a complaint as an interested party, doesn't mean that you convert a generalized grievance into an individual right. The other thing that I would say – But your view that if in Aikens the FEC just hadn't yet made a decision, would it have been a different answer? I don't think it would have been a different answer, Your Honor, but I do think that what Aikens turned on, I think there are two key points. One, there was an individualized right to vote, the most basic right in a democracy that the court focused on. The other point is that what Aikens said is there's no reason to doubt the claim that the information would help them. And here, I don't think in saying that, Aikens impliedly reversed stacks of Supreme Court precedent, saying that the plaintiff bears the burden to show injury in fact. I think what it was saying there was – But that's different from saying they don't have an informational injury under the statute. That latter argument would be that they just didn't plead enough injuries, which is very different from your argument that you can't have an informational injury in this type of context when there's no information yet generated. So is it a broader rule you can't have an informational injury forcing the generation of information, or they just didn't plead enough injury, factual injury in their complaint? Well, point taken. The second – my second response was targeted toward the second point, that they haven't – even if there was an informational right, they haven't shown that they – But your position would be the same even if they said that we've had to hire six other people now to monitor these folks, these animals in Madagascar? It would be, because I do think that you're looking at what is the source of the right, and what – although there was a – I think the point at Aikens was that although it was a right that was widely shared, it was an individual right. And I don't think – but what happened here – under the APA, you've got the ability to petition for the listing or delisting, as the case may be. And I would point out that the plaintiffs haven't – I think – or excuse me, the Friends of Animals hasn't really fully explored the limits of this theory, because arguably somebody could petition to delist 100 species if they wanted to derail the agency from listing and then sue without any evidence that the listing of those species had harmed them, and thus, through court order, reorder the agency's priorities. But getting back to the point, I think the question is whether you have a general right, which is not specific to the petitioner, to make a 90-day and subsequent 12-month finding. That's a right available to the public. Indeed, Friends of Animals has brought suit in other cases where they weren't the petitioner. And there's no limitation on being the petitioner to bring a suit. The question is, is it actually affecting you in a concrete and particularized, actual and imminent way? And so I see my time's running short, but I would just sum up by saying were this to be enough in this case for informational injury, I do think there's really no limiting principle left, and I think there's serious tension between Friends of Animals' position, certainly in the position of the Supreme Court, and I think even this court's organizational standing case law hasn't gone this far to say that where the information is the decision itself, the deprivation of that information is sufficient to bring suit. Thank you, Your Honor. Would you like a couple of extra minutes? Yes, please. First, Your Honor, I'd like to just discuss how this injury is particularized to Friends of Animals and also kind of discuss some of the differences between this case and Lujan. First, the government seems to confuse cases where there's been a deprivation of information that a plaintiff's legally entitled to and those where an organization is paying harm to the organization's activities. Here, first of all, the deprivation of information constitutes concrete injury, and Friends of Animals has shown additionally that the injury is particularized to it. Friends of Animals submitted this petition and it has reporting obligations to its members to update them on the status of the petition and the status of the listed species, and it's not just we want a finding. But you can do that. You can do that by saying the Secretary still hasn't acted. Yes, Your Honor, we can tell our members that the Secretary hasn't acted, but we can't update them on the status of the species. Why not? We don't know whether the species is endangered, whether the species is not endangered. You don't know whether the Secretary has determined whether the species... Right, and Your Honor, as Ms. Farrell points out in her declaration, we use this finding to educate our members about what may be legal, what may not be legal in regards to these species. So are you trying to come within sort of the Havens Realty concept here in terms of concrete injury? Well, there was two sort of decisions in that case. First, the Supreme Court found that an individual person had standing based on the deprivation of information. They also found that the organization had standing based on the effect to the organization activities. Here we're saying that our concrete injury is the deprivation of information. However, in addition, that injury is particularized to us because we have submitted this petition and because we rely on the response to potentially propose new legislation to our members about the status of the species and our petition and to potentially do other on-the-ground conservation efforts based on the findings that are published by the agency. I mean, potentially you could do a number of things. Is that enough? Yes. If you look at this circuit's decision in Ethel Corporation, they kind of just said whether the information will be helpful to them, that's enough, and they don't look into as much detail. But in the context of Ethel, it's a very specific need that's at issue. It's not potentially. That's all I'm trying to distinguish between. Right. And another case could look at the American Canoe Association where they said that an organization's ability to inform their members, such as Friends of Animals, the legislature, is enough plus to show that the injury is particularized to that organization. Also, this is slightly different than Lujan because there they did not claim that there was an informational injury and they also brought it under a different citizen supervision just for any violations of the act against either the agency or a private entity. Here we're bringing this. Do you think Lujan would have come out differently if they also alleged an informational injury? No, Your Honor, because there they, again, they brought it under 1540 G1A, which was for any violation of the act and it didn't relate back to any mandatory disclosure requirements. But they also, all they had to do was add in a citation to the mandatory determination within a certain time and say we want that information? No, because they weren't alleging a violation of Section 1533, which Friends of Animals is alleging. They were saying that they were trying to invalidate a regulation on its whole regarding whether certain requirements apply overseas or not. So they weren't saying or seeking any information as Friends of Animals is in this case. All right. Anything further? No, Your Honor. Thank you. We'll take the case under regard.
judges: Rogers, Srinivasan, Millett